Max Ross
vs.                    No. 76663.
Gardner W. Bullard

Lillian Ross
vs.                    No. 76664.
Gardner W. Bullard

April 10, 1930.

BLODGETT, P. J. Heard upon motions for new trials filed by plaintiffs

after verdicts of a jury awarding $500 to plaintiff, Max Ross, and $500 to plaintiff, Lillian Ross.

These actions arose from an automobile accident in Providence at the intersection of Waterman and Prospect streets. Lillian Ross and her husband, Max Ross, had been dining at the Biltmore with the defendant. After the dinner, late in the evening, plaintiff Lillian entered the car of defendant to proceed to the home of plaintiffs where it was proposed that the party should have a supper, the plaintiff Max, in the meantime, driving his own car home and intending to pick up some food for the proposed supper. While driving up Waterman street defendant struck the lighted dummy policeman at the top of the grade and plaintiff Lillian was thrown forward against the windshield.

She claimed that two front teeth were broken, that her right hip was bruised, her back bruised, her right arm and shoulder bruised, her upper lip cut, requiring three stitches, her eye swollen, and that she suffered a nervous shock.

The action of her husband was for recovery of doctors' expenses and loss of services of his wife.

It appears from the evidence that the plaintiff Lillian had been previously attended by a physician for nervous trouble, and she testified that one effect of this accident was a dread of riding in an automobile, but it further appears that not long after the injury she took a trip to Florida in an automobile, driven by a chauffeur, upon the running time of which nearly 300 miles a day were covered. She claims that she had so much confidence in the driver that she suffered no ill effects.

She valued a dress claimed to be ruined at $100; a hat at $20; shoes valued at 22.50; purse valued at $7.50; hose at 5.50.

Max Ross claimed to have paid a doctor's bill of $35, another of $15, and liability upon a dentist's bill of $520, which the dentist approximated would be the cost of replacing the two front teeth of his wife.

Plaintiffs ask for a new trial upon the ground that the amount of the verdict is inadequate.

It is inadequate from the point of view of the plaintiffs. Is same inadequate from the point of view of the jury?

The jury have the right to weigh testimony. They have the right to consider whether plaintiffs, or witnesses for the plaintiffs, are in any respect exaggerating their injuries and losses.

While the verdicts do not satisfy all the claims made by the plaintiffs, yet the verdicts are not so inadequate as to shock the conscience of the Court.

Motions denied.

For plaintiffs: Samson Nathanson.

For defendant: Henshaw, Lindemuth & Baker.